IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Anthony L. Wilson,                    :

       Plaintiff,                   :

    v.                                :      Case No. 2:13-cv-139

Jill Gillespie, et al.,               :      JUDGE GREGORY L. FROST
                                             Magistrate Judge Kemp
      Defendants.                  :

REPORT AND RECOMMENDATION
AND ORDER

    This is a prisoner civil rights case filed under 42 U.S.C. §1983.  Plaintiff Anthony L. Wilson, currently an inmate at the London Correctional Institution, alleges, in his original complaint (Doc. 3) that the defendants, all officials at that institution, interfered with Mr. Wilson's ability to communicate privately with his attorney and with his right of access to the courts.

    After defendants filed their answer and the Court issued a scheduling order, Mr. Wilson moved for leave to amend his complaint (Doc. 16), noting that he had become aware of additional facts he wished to include in it.  Defendants, in opposing the motion, argue that the additional allegations made in the proposed amended complaint do not relate to the original defendants or to any of the claims pleaded initially, but are directed to a new group of defendants (five in all) and involve a different time frame.  They assert that the joinder of these new claims and parties is not permitted under Fed.R.Civ.P. 20, and that the new allegations could not withstand a motion to dismiss under Fed.R.Civ.P. 12(b)(6).

    Mr. Wilson sought and obtained an extension of time to file a reply memorandum in support of his motion for leave to amend.

His reply was due on January 21, 2014. *See* Doc. 19. Before that date arrived, Mr. Wilson filed a motion for a preliminary injunction and a motion for extension of time, citing lack of proper access to legal materials or the prison law library as the reason he could not meet the deadlines established in the scheduling order. He asks the Court to direct defendants to give him more time in the law library, asserting that it was open for less than 24 total hours during the month of December, 2013. Defendants responded to this motion by arguing, among other things, that if Mr. Wilson needs more time to meet deadlines, the Court can always grant him that time, which would eliminate the need to order defendants to give him more law library time. In his reply, Mr. Wilson points out that this is not his only legal proceeding, and that this Court can extend its own filing deadlines but not those of other courts. He has also asked the Court to appoint counsel for him (Doc. 22) and filed a formal motion to extend the dates in the Court's scheduling order for sixty days (Doc. 23). Defendants have opposed the former motion but not the latter. All of the pending motions are now ripe for decision. For the following reasons, the Court will extend the case scheduling but will either deny, or recommend the denial of, the remaining motions.

I.

The Court turns first to the motion for leave to amend. Mr. Wilson does not appear to disagree with Defendants' characterization of his proposed amendment, nor has he provided any argument about why it would be proper to join the new claims, which involve different parties and different time frames, to his existing claims.

Fed.R.Civ.P. 20(a)(2) permits persons to be joined as defendants only if a claim is asserted against them arising out of the same occurrences, or if there is a question of law or fact

-2-

common to all defendants.  This joinder rule must be satisfied
before a court considers whether to allow an amendment to the
pleadings under the provisions of Rule 15(a), which generally
governs motions for leave to amend.  See SAES Getters S.p.A. v.
Aeronex, Inc., 219 F.Supp.2d 1081 (S.D. Cal. 2002).

It is clear that the claims in the new portion of Mr.
Wilson's proposed amended complaint do not arise out of the same
occurrences as his existing claims.  It is less clear whether all
of these claims raise a question of law or fact common to all
defendants.  As to questions of fact, since the time frames are
different and the defendants are different, it would appear that
the facts relating to the existing claims and new claims are
completely separate and there is no commonality among them.  As
to questions of law, because all of the claims relate to denial
of access to the courts, there are probably common questions of
law, at least at the most general level; that is, the First
Amendment right of access to the courts is implicated in all of
the claims Mr. Wilson is trying to bring.  However, "the mere
fact that all ... claims arise under the same general law does
not necessarily establish a common question of law or fact."
Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); see also
Cooper v. Fitzgerald, 266 F.R.D. 86 (E.D. Pa. 2010).  Here, the
legal issues with respect to each litigated matter which Mr.
Wilson claims to have been interfered with may differ, and the
type and reason for the interference may differ as well.  Under
these circumstances, the Court concludes that the joinder of new
claims and parties is not warranted nor consistent with Rule 20,
and it will deny the motion for leave to amend.

                              II.

The second issue before the Court is the matter of
injunctive relief.  As the Court understands Mr. Wilson's motion,
he has requested that the Court direct defendants to make more

                              -3-

law library time available to him, both in order to allow him to
litigate this case, and to litigate other pending matters.
Defendants argue both that he does not need injunctive relief
with respect to this case because the Court can extend deadlines
as needed, and that it would not be appropriate to grant
injunctive relief in the context of this case which would enable
Mr. Wilson to move forward with litigation in unrelated matters.

As to the second issue, the Court notes the following from
its review of the complaint.  The legal proceedings which Mr.
Wilson alleges were interfered with include a Portage County
action relating to Mr. Wilson's minor children; a Montgomery
County action in which Mr. Wilson was to be resentenced; and a
visit from an attorney, Mr. Katchmer, in 2011.  The only legal
proceeding identified in his motion for injunctive relief
(according to the reply memorandum, Doc. 27) appears to be a
motion to reopen an appeal in a Montgomery County criminal case,
as well as some proceedings related to that case pending in the
Ohio Supreme Court.  From the correspondence attached to the
memorandum, the Court concludes that although the case may be the
same one referred to in the complaint filed in this case, the
issues about access to legal materials are very different from
the issues raised in the complaint, and that they are not
sufficiently related to make the request for injunctive relief
part of the subject-matter of this action.

As this Court observed in Brown v. Timmerman-Cooper, 2013 WL
430262, *5 (S.D. Ohio Feb. 4, 2013), adopted and affirmed 2013 WL
1344857 (S.D. Ohio Apr. 2, 2013),

> "a party moving for a preliminary injunction must
> necessarily establish a relationship between the injury
> claimed in the party's motion and the conduct asserted
> in the complaint." Colvin v. Caruso, 605 F.3d 282, 300
> (6th Cir.2010) (quoting Devose v. Herrington, 42 F.3d
> 470, 471 (8th Cir.1994)). "This is because '[t]he
> purpose of interim equitable relief is to protect the

movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint.' " <u>Colvin</u>, 605 F.3d at 300, <u>quoting Omega World Travel, Inc. v. Trans World Airlines,</u> 111 F.3d 14, 16 (4th Cir.1997); <u>see also S. Milk Sales, Inc. v. Martin</u>, 924 F.2d 98, 102 (6th Cir.1991), <u>quoting University of Texas v. Camenisch</u>, 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981).

Here, the complaint, fairly read, deals exclusively with claims for relief from past actions of the defendants, and not with any assertion that the actions described in the complaint - none of which relate in any way to the recent reduced hours of the prison law library - are currently affecting Mr. Wilson's ability to litigate his appeal.  Since that causal relationship is lacking, injunctive relief would not be appropriate in this case.  Mr. Wilson may challenge any ongoing actions which he believes to be unconstitutional by moving for injunctive or other relief in the case which he claims is being impacted, or by filing a separate action.  It will therefore be recommended that his motion for a preliminary injunction be denied.

### III.

Lastly, Mr. Wilson has moved for an extension of the case schedule.  Defendants do not oppose that request, and that is one way in which the Court can accommodate Mr. Wilson's situation.  Consequently, the case schedule is modified as follows: all discovery shall be completed by May 31, 2014, and any dispositive motions shall be filed by June 30, 2014.

### IV.

For the reasons set forth above, the Court denies the motion for leave to amend (Doc. 16) and grants the motion for extension of time (Doc. 23).  Because this case has not progressed to the point where the Court can evaluate the merits of the claims, and

because Mr. Wilson appears fully capable of presenting issues to the Court in a competent fashion, his motion for appointment of counsel (Doc. 22) is denied.  Further, it is recommended that the motion for preliminary injunctive relief (Doc. 22) be denied.

V.

A.  Procedure on Motion for Reconsideration

As to the order ruling on Docs. 16, 22, and 23, any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law. This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

B.  Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation on Doc. 20, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein,

-6-

may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).


/s/ Terence P. Kemp
United States Magistrate Judge