UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY L. WILSON,

        Plaintiff,

                               Case No. 2:13-cv-139
   v.                     JUDGE GREGORY L. FROST
                               Magistrate: Judge Kemp

JILL GILLESPIE, et al.,

        Defendants.

**OPINION & ORDER**

This matter is before the Court for consideration of the Magistrate Judge's February 27, 2014 Order and Report and Recommendation ("Order/R&R") (ECF No. 29) and Plaintiff's objection thereto and motion for reconsideration thereof (ECF No. 31). For the reasons that follow, the Court **DENIES** the motion for reconsideration, **OVERRULES** the objection, and **ADOPTS** the Order/R&R.

    **I.**      **BACKGROUND**

Plaintiff Anthony L. Wilson, a *pro se* litigant who is incarcerated at the London Correctional Institution in London, Ohio, alleges that several prison officials violated his civil rights. Plaintiff brings his complaint against Defendants Jill Gillespie, Kelly Mason, Russell Parrish, Jeffrey Noble, Decarlo Blackwell, Brett Meyers, Maggie Frisbie, Deborah Timmerman-Cooper, and Vickey Justus, all of whom were officials at the London Correctional Institution at the time the alleged events transpired. Plaintiff alleges that, between February 2011 and January 2012, Defendants wrongfully prevented him from meeting with his attorney, participating in telephone conferences, and accessing the prison law library regarding several lawsuits in which

Plaintiff is involved. Although Plaintiff does not provide much detail regarding those lawsuits, he alleges that one of them involves his parental rights over his minor children. Plaintiff seeks $500,000 in damages from each Defendant for the violations alleged in the complaint.

Roughly nine months after he filed his complaint, Plaintiff filed a motion for leave to amend his complaint to add additional defendants and claims. (ECF No. 16.) The proposed amendment makes new allegations against five defendants who were not named in the original complaint. The proposed new claims involve allegations of interference in legal proceedings; however, the newly-alleged incidents took place in December 2012 and July 2013, and do not appear to be related to the incidents set forth in the original complaint.

Defendants opposed the motion, arguing that there is no connection between the allegations in Plaintiff's original and amended complaint. (ECF No. 17.) Plaintiff sought and was granted a 45-day extension of time in which to file a reply in support of his motion, but he did not file any such reply.

Shortly after Defendants filed their response in opposition to the motion for leave, Plaintiff filed a motion for preliminary injunction and for extension of time. (ECF No. 20.) The motion asks for an order requiring Defendants to provide Plaintiff access to the prison law library over and above the access he currently is permitted. Plaintiff indicated in his motion that, absent a preliminary injunction, he is unable to meet the Court's deadlines and the deadlines in his other pending lawsuits.

Approximately two weeks later, Plaintiff filed two additional motions: a motion to appoint counsel (ECF No. 22), and a motion to adjust the Scheduling Order in this litigation (ECF No. 23). In the former motion, Plaintiff asserts that counsel should be appointed because, *inter alia*, his case is complex, he lacks the capacity to pursue his claims on his own, and he is

not able to afford counsel. In the motion to adjust the Scheduling Order, Plaintiff repeats the same argument from his motion for preliminary injunction—namely, that he needs more time in the law library in order to meet court deadlines.

The Magistrate Judge addressed all four pending motions in the Order/R&R. (ECF No. 29.) Regarding the motion for leave to file an amended complaint (ECF No. 16), the Magistrate Judge concluded that the proposed amendment was directed at different defendants and different conduct than that alleged in the original complaint. Because a court may not permit an amendment under Federal Rule of Civil Procedure 15 that would violate Rule 20(a)(2), and because the proposed amendment sought to add new defendants but did not arise out of the same transaction or occurrence as the facts alleged in the original complaint or raise common questions of law or fact, the Magistrate Judge denied the motion for leave.

Regarding the motion to appoint counsel (ECF No. 22), the Magistrate Judge noted that this case had not progressed to a point where the Court can evaluate the merits of the claims, and that Plaintiff "appears to be fully capable of presenting issues to the Court in a competent fashion." (ECF No. 29, a 5–6.) The Magistrate Judge therefore denied the motion. The Magistrate Judge then granted Plaintiff's motion to alter the Scheduling Order (ECF No. 23), and pushed back the dates by which the parties must complete discovery and file dispositive motions.

Regarding the motion for preliminary injunction (ECF No. 22), the Magistrate Judge recommended that the Court deny the same. The Magistrate Judge noted that Plaintiff's claims for relief deal with past conduct. As such, the Magistrate Judge concluded that there exists no causal connection between the conduct asserted in the complaint and the injury asserted in Plaintiff's motion, such that a preliminary injunction would be improper.

The Magistrate Judge concluded the Order/R&R by setting forth the procedure by which the parties could object to the order and recommendation. The Magistrate Judge correctly stated that, as to the ruling on the motion for leave to amend complaint, motion to appoint counsel, and motion to alter scheduling order, any party could file a motion for reconsideration by the District Judge. Regarding the recommendation on the motion for preliminary injunction, any party could file objections to that recommendation for review by the District Judge.

Plaintiff timely filed a motion for reconsideration of the Magistrate Judge's rulings on the motion for leave and motion to appoint counsel. (ECF No. 31.) In that filing, Plaintiff also objected to the Magistrate Judge's recommendation that the Court deny the motion for preliminary injunction. The Court now considers the motion for reconsideration and objection.

## II. ANALYSIS

### A. Motion to Reconsider Rulings on Motion for Leave to Amend Complaint and Motion to Appoint Counsel

Pursuant to 28 U.S.C. § 636, a magistrate judge may hear and determine certain pretrial matters, such as motions for leave to amend pleadings and motions to appoint counsel. *See* 28 U.S.C. § 636(b)(1)(A); *see also* E. Div. Order No. 91-3. Upon timely objection, the district judge may reconsider any such matter if a party can show "that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). Review under this standard "provides considerable deference to the determinations of magistrates." *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995) (quoting 7 Moore's Fed. Practice ¶ 72.03).

Plaintiff does not offer any persuasive arguments in his motion that warrant reconsideration of the Magistrate Judge's rulings. First, Plaintiff argues that the Magistrate Judge's order is premature because he (Plaintiff) did not have a chance to file a reply in support

4

of his motion for leave to amend. But that argument is unpersuasive given that Plaintiff asked for and received a 45-day extension of time in which to file a reply. And although Plaintiff later asked the Court to extend its previous Scheduling Order, he did not ask for additional extensions of time in which to file a reply in support of his motion for leave. The deadline for Plaintiff's reply came and went; accordingly, the Magistrate Judge was correct to consider the motion without waiting for Plaintiff's reply.

Plaintiff next argues that his proposed amendment arises from the same transaction or occurrence as the events set forth in the original complaint and presents the same issues of fact and law. The Court, however, agrees with the Magistrate Judge that the proposed amendment—which sets forth claims against five additional defendants that took place almost a year after the conduct alleged in the original complaint—does not satisfy Rule 20(a)(2). Plaintiff failed to present any arguments or authority to convince the Court that the Magistrate Judge's finding on this point was clearly erroneous or contrary to law.

For his next argument, Plaintiff asserts that he could not have included his new claims in the original complaint because he had not yet exhausted the prison's grievance procedure as to those claims. But that argument only supports the Magistrate Judge's conclusion that the proposed new claims are unrelated to the claims set forth in the original complaint. That argument does not warrant reconsideration of the Order/R&R.

Plaintiff's remaining arguments are a misguided attempt to prematurely argue the merits of this case. Accordingly, the Court **DENIES** Plaintiff's motion to reconsider the Magistrate Judge's ruling on the motion for leave to amend the complaint.

Regarding the motion to appoint counsel, Plaintiff asserts that he does not have the time or ability to maintain his many pending legal proceedings without the assistance of counsel. In a

civil case such as this one, however, a court should only exercise its statutory authority to appoint counsel when a case presents "exceptional circumstances." *See Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (citing *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982)). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' " *Id.* (quoting *Archie v. Christian,* 812 F.2d 250, 253 (5th Cir.1987)).

Having considered those factors and noting that the case had not progressed to the point where the Court can evaluate the merits of Plaintiff's claims, and that Plaintiff appears fully capable of representing himself, the Magistrate Judge concluded that appointment of counsel was not appropriate. Plaintiff's arguments as to why exceptional circumstances exist in this case— that he does not have the training required to maintain his many lawsuits, that he will be released from prison in June 2014 and will not have access to a law library or the help of other inmates, and that he will be homeless and required to pay child support and seek employment as per the terms of his parole—do not convince the Court that the Magistrate Judge's ruling on this issue was clearly erroneous or contrary to law. As such, the Court **DENIES** Plaintiff's motion to reconsider the Magistrate Judge's ruling on Plaintiff's motion to appoint counsel. (ECF No. 31.)

### B. Objection to the Magistrate Judge's Recommendation that the Court Deny Plaintiff's Motion for Preliminary Injunction

Consistent with 28 U.S.C. § 636(b)(1), the Magistrate Judge did not deny Plaintiff's motion for preliminary injunction but instead issued a recommendation that the Court deny the same. Because Plaintiff timely objected to the Magistrate Judge's recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and may then "accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff objects to the Magistrate Judge's recommendation that the Court deny his motion for preliminary injunction. In support of his argument, Plaintiff argues that Defendants' wrongful acts are ongoing and continue to harm him through the pendency of this litigation. Plaintiff notes that, although he did not specifically ask for injunctive relief in his complaint, he alleged that certain Defendants' failure to provide him with appropriate access to the prison law library is a wrongful act that "remain[s] ongoing." (ECF No. 3 ¶ 38.) Plaintiff therefore concludes that the Magistrate Judge erred in finding no causal relationship between the acts alleged in the complaint and the harm sought to be rectified by the injunction.

Having considered Plaintiff's objection and conducted a de novo review of the Order/R&R, the Court agrees with the Magistrate Judge that Plaintiff's motion for preliminary injunction should be denied. Even assuming, *arguendo*, that there exists a causal connection between the alleged wrongful acts and the harm sought to be rectified by the injunction, there exist several issues with Plaintiff's request for injunctive relief that mandate denial of the same.

In general, an injunction is an extraordinary remedy that should not be routinely granted. *Weinberger v. Romero-Barcelo*, 456 U.S. 305 (1982). In determining whether a preliminary injunction is appropriate, courts give consideration to four factors: whether the movant has a strong likelihood of success on the merits, whether the movant would suffer irreparable injury without the injunction, whether issuance of the injunction would cause substantial harm to others, and whether the public interest would be served by issuance of the injunction. *See, e.g., Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods.,* 134 F.3d 749, 753 (6th Cir. 1998). In the prison litigation context, prospective relief

>shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

Here, the federal right at stake is Plaintiff's right of access to the courts.  That right, although it may involve access to prison law libraries, does not "create an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Importantly, that right only extends to litigation in which an inmate is challenging his or her sentence or the conditions of his or her confinement; it does not extend to other litigation such as the lawsuits involving Plaintiff's minor children.  *See id*. at 355; *see also Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) ("[A] prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." (citing *Lewis*)).

The prospective relief Plaintiff seeks in this case—an "order directing defendants to provide adequate access to the Law Library for all deadlines can be meet [sic] diligently"[1]—is neither narrowly drawn nor the least intrusive means necessary to correct the alleged violations of Plaintiff's right of access to the courts.  To the contrary, granting the injunction and forcing the London Correctional Institution to expand its law library staff and grant Plaintiff unspecified additional access to the law library is highly intrusive and could disrupt the orderly operation of the institution.  *Cf. Lewis*, 518 U.S. at 362 (stating that a district court's injunction mandating, *inter alia*, that prisoners be permitted to spend a certain number of hours in the law library, without giving consideration to the views of state prison authorities, was "inordinately" and

---

[1] (ECF No. 20, at 1)

8

"wildly" intrusive). As such, a preliminary injunction is inappropriate. *See* 18 U.S.C. § 3626(a)(1)(A).

Moreover, the Court agrees with Defendants that Plaintiff failed to make any showing of irreparable injury that would justify a preliminary injunction. Plaintiff does not assert that he has been prevented from accessing the prison's law library; instead, he asserts only that his time in the law library has been limited. He therefore claims that it takes him longer to prepare legal filings than it otherwise would. But the harm sought to be avoided—difficulty meeting deadlines in pending court cases—can and should be dealt on a case-by-case, motion-by-motion basis in each particular case. *Cf. Brown v. Timmerman-Cooper*, Nos. 2:10-cv-283, 2:10-cv-352, 2:10-cv-783, 2:10-cv-965, 2:10-cv-967, 2012 WL 113528, at *3 (S.D. Ohio Jan. 13, 2012) (denying a prisoner's motion for injunctive relief seeking access to the prison law library because he failed to demonstrate prejudice that could not be cured by obtaining extensions of time in pending cases). Indeed, the Magistrate Judge presumably rectified the harm Plaintiff claims to be suffering in this case by granting Plaintiff several extensions of time and ultimately amending the Scheduling Order to accommodate Plaintiff's situation. It would be inappropriate for this Court to speculate about pending deadlines in other cases before other courts and attempt to rectify Plaintiff's failure to meet those deadlines by issuing prospective relief.

That fact, combined with the potential harm to the public and other inmates if the Court were to meddle in the London Correctional Institution's operation of its law library and staff, compels the conclusion that a preliminary injunction is not appropriate in this case. The Court therefore **OVERRULES** Plaintiff's objection and **ADOPTS** the Order/R&R. Plaintiff's motion for preliminary injunction is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion for reconsideration (ECF No. 31), **OVERRULES** the objection (ECF No. 31), **ADOPTS** the Order/R&R (ECF No. 29), and **DENIES** the motion for preliminary injunction (ECF No. 20).  For the reasons set forth above and in the Order/R&R, the Court hereby **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Opinion & Order is not taken in good faith.

**IT IS SO ORDERED**.

<u>**/s/ Gregory L. Frost**</u>
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**