```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Anthony L. Wilson,              :

    Plaintiff,               :

  v.                            :     Case No. 2:13-cv-139

Jill Gillespie, et al.,         :     JUDGE GREGORY L. FROST
                                               Magistrate Judge Kemp
    Defendants.              :

                        OPINION AND ORDER

    This is a prison civil rights case filed under 42 U.S.C. §1983. Plaintiff Anthony L. Wilson, formerly an inmate at the London Correctional Institution, alleges in his complaint (Doc. 3) that defendants, all officials at that institution, interfered with his right of access to the courts. Mr. Wilson also alleges that Defendant DeCarlo Blackwell, the Institutional Inspector at the London Correctional Institution, retaliated against him.

    On April 28, 2014, defendants moved for judgment on the pleadings. (Doc. 35). At the same time they moved for judgment on the pleadings, defendants moved for a stay of discovery until their motion for judgment on the pleadings is decided. (Doc. 36). Mr. Wilson filed an opposition to the motion to stay discovery (Doc. 46), and defendants filed a reply in support of their motion (Doc. 47). For the following reasons, a stay of discovery will be ordered.

                              I.

    Defendants argue that discovery should be stayed for typical reasons: that if their motion for judgment on the pleadings is granted, there will be no need for discovery, and that allowing the discovery to proceed at this juncture would be "burdensome and cause the improvident use of scarce State and judicial resources." (Doc. 36 at 3). Defendants also argue that a stay of discovery would result in "little hardship" to Mr. Wilson.

Id. Finally, defendants argue that discovery is not needed to oppose the pending motion for judgment on the pleadings, and "the balance of hardships" weighs in their favor. Id. Mr. Wilson filed an opposition to the motion to stay (Doc. 46), arguing that the discovery requested will allow him to amend or supplement his complaint. Defendants filed a reply in support of the motion (Doc. 47), asserting that Mr. Wilson failed to identify any specific facts he hoped to uncover through discovery and that the discovery request was overly broad and included requests for irrelevant information.

Thereafter, Mr. Wilson filed a motion for leave to file a sur-reply (Doc. 48) to defendants' reply in support of their motion to stay. Defendants filed an opposition to Mr. Wilson's motion for leave (Doc. 49), arguing that their reply did not raise any new issues and Mr. Wilson failed to provide good cause for the sur-reply. In response, Mr. Wilson filed a "memorandum of [sic] contra to defendants [sic] opposition of sur-reply." (Doc. #50). Local Rule 7.2, which governs the submission of motions and other papers, provides for the filing of opposing memoranda and replies, but states that "[n]o additional memoranda . . . are permitted except upon leave of court for good cause shown." S.D. Ohio Civ. R. 7.2(a)(2). Because the Court finds that it is able to decide the motion to stay on the original briefs and Mr. Wilson's motion for the leave fails to set forth good cause, the motion for leave (Doc. 48) will be denied.

II.

A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court. Chrysler Corp. v. Fedders Corp., 643 F.2d 1229 (6th Cir. 1981). In ruling upon a motion for stay, the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by

-2-

a denial of discovery. Additionally, the Court is required to take into account any societal interests which are implicated by either proceeding or postponing discovery. <u>Marrese v. American Academy of Orthopaedic Surgeons</u>, 706 F.2d 1488, 1493 (7th Cir. 1983), <u>vacated</u> 726 F.2d 1150 (7th Cir. 1984) (en banc), <u>rev'd on other grounds</u> 470 U.S. 373 (1985). When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery. <u>Id</u>.

However, one argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6). As one court has observed,

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* § 26.70[2], at 461. Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.... Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions. Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, <u>cf. Blue Chip Stamps v. Manor Drug Stores</u>, 421 U.S. 723, 741, 95 S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not such a case.

<u>Gray v. First Winthrop Corp</u>., 133 F.R.D. 39, 40 (N. D. Cal. 1990). <u>See also Turner Broadcasting Sys., Inc. v. Tracinda Corp.</u>, 175 F.R.D. 554, 556 (D. Nev. 1997) ("a pending Motion to

Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery....").  Thus, unless the motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(c) motion.  It is with these standards in mind that the motion for a stay of discovery will be considered.

III.

When considering a motion to stay discovery, it is not necessarily the duty of the Court to make a precise prediction about the defendants' chances of prevailing on Rule 12(c) motion. See Shanks v. Honda of America Mfg., 2009 WL 2132621 (S.D. Ohio July 10, 2009).  However, after reviewing Mr. Wilson's complaint, the Court is not convinced that there is a strong likelihood his claims will survive the motion for judgment on the pleadings.

In his complaint, Mr. Wilson claims generally that defendants deprived him access to the courts by impeding his access to counsel, legal materials, court-related documents, and the law library.  In particular, Mr. Wilson alleges that he was denied his constitutionally protected right of access to the courts in two matters, the first a domestic matter and the second a re-sentencing for a criminal conviction.

Because "the First Amendment only protects a prisoner's access to the courts as it relates to cases which challenge the conditions of confinement," Mr. Wilson may not rely on the domestic matter as a basis for his access to the courts claim. See Thomas v. Rochell, 47 Fed. App. 315, 317 (6th Cir. 2002); Thaddeus-X v. Blatter, 175 F.3d 378, 391 (6th Cir. 1999)(a prisoner's right to access the court "extends to direct appeals, habeas corpus applications, and civil rights claims only").  Further, even if the matter concerning Mr. Wilson's re-sentencing

implicates First Amendment protection, the fact that he was represented by counsel in that matter would likely be fatal to his claim.  See Skelton v. Pri-Cor, Inc., 963 F.2d 100, 104 (6th Cir. 1991)(finding access to courts not violated where prisoner was represented by counsel), citing Holt v. Pitts, 702 F.2d 639, 640 (6th Cir. 1983)(once counsel is appointed, state has fulfilled constitutional obligation to provide full access to courts).  Perhaps more significantly, Mr. Wilson fails to allege prejudice to pending litigation, which is required to state an access to the courts claim.  See Stanley v. Vining, 602 F.3d 767, 770 (6th Cir. 2010).  Finally, Mr. Wilson's retaliation claim fails to allege that he suffered an adverse action which would deter a person of ordinary firmness from continuing to engage in the protected conduct.  Thaddeus-X, 175 F.3d at 394; Manning v. Bolden, 102 Fed. Appx. 904, 905 (6th Cir. 2004).

   For these reasons, there is a strong likelihood that Mr. Wilson's claims will not survive the motion for judgment on the pleadings.  In addition, the discovery requested will not assist Mr. Wilson in responding to that motion.  Consequently, the Court, in the exercise of its discretion, will grant the motion to stay discovery (Doc. 36) pending resolution of the motion for judgment on the pleadings.  Mr. Wilson will have twenty-one days from the issuance of this Opinion and Order to file any opposition to the motion for judgment on the pleadings.

IV.

   Based upon the foregoing, Mr. Wilson's motion for leave to file a sur-reply (Doc. 48) is denied.  Further, in the exercise of this Court's discretion, the motion to stay discovery (Doc. 36) is granted.  Discovery is hereby stayed until resolution of the motion for judgment on the pleadings.  Mr. Wilson shall have twenty-one days from the issuance of this Opinion and Order to file any opposition to defendants' motion for judgment on the

pleadings.  (Doc. 35).

V.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge