```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Anthony L. Wilson,            :

    Plaintiff,            :

  v.                          :       Case No. 2:13-cv-139

Jill Gillespie, et al.,       :       JUDGE GREGORY L. FROST
                                                                         Magistrate Judge Kemp
    Defendants.           :

                      REPORT AND RECOMMENDATION

   This is a prisoner civil rights case filed under 42 U.S.C. §1983.  Plaintiff Anthony L. Wilson, formerly an inmate at the London Correctional Institution, alleges in his  complaint (Doc. 3) that the defendants, all officials at that institution, interfered with Mr. Wilson's ability to communicate privately with his attorney and with his right of access to the courts.
   On April 28, 2014, Defendants moved for judgment on the pleadings.  The Court has granted Mr. Wilson many extensions of time to respond, based on the fact that he was released from prison, had family and work responsibilities, and was finding it difficult to perform legal research and write a response.  The last such order (Doc. 60), filed on December 8, 2014, granted an extension to December 29, 2014.  That date has come and gone.  Mr. Wilson has not responded to the motion.  For the following reasons, it will be recommended that the motion for judgment on the pleadings be granted.

                                I.

   A motion for judgment on the pleadings filed under Fed.R.Civ.P. 12(c) attacks the sufficiency of the pleadings and is evaluated under the same standard as a motion to dismiss.

Amersbach v. City of Cleveland, 598 F.2d 1033, 1038 (6th Cir.1979).  In ruling upon such motion, the Court must accept as true all well- pleaded material allegations of the pleadings of the opposing party, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir. 1973).  The same rules which apply to judging the sufficiency of the pleadings apply to a Rule 12(c) motion as to a motion filed under Rule 12(b)(6); that is, the Court must separate factual allegations from legal conclusions, and may consider as true only those factual allegations which meet a threshold test for plausibility.  See, e.g., Tucker v. Middleburg-Legacy Place, 539 F.3d 545 (6th Cir. 2008), citing, inter alia, Bell Atlantic Corp. v. Twombly 550 U.S. 544 (2007).  It is with these standards in mind that the motion for judgment on the pleadings must be decided.

II.

In their motion, Defendants raise several fundamental challenges to Mr. Wilson's claim that they interfered with his First Amendment right of access to the courts.  They note, correctly, that the First Amendment has not been interpreted so broadly that it prevents prison officials from restricting an inmate's access to any and all court proceedings.  Rather, only certain types of proceedings are within the scope of the First Amendment's protection of access to the courts.  As the Supreme Court said in Lewis v. Casey, 518 U.S. 343, 356 (1996), the First Amendment, as interpreted in the landmark case of Bounds v. Smith, 430 U.S. 817 (1977),

> does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to

> attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Defendants argue that some of the litigated matters identified in the complaint do not fall into these limited categories.  As to others - the most significant of which was Mr. Wilson's underlying criminal case - they argue that the fact that he had counsel in the case fatally undercuts any claim that prison officials needed to provide him with additional means to access the court.  Finally, they claim that the balance of his allegations are so vague that the Court cannot find a plausible First Amendment claim among them.

Mr. Wilson's complaint identifies, with some specificity, certain state court legal proceedings he was dealing with while he was incarcerated.  One clearly related to a custody battle in Portage County.  Another was a hearing in Montgomery County relating to the imposition of post-release control.  Mr. Wilson claims that defendants listened to a phone conversation he had with his attorney (apparently in the custody action), denied him paperwork in both cases, and refused to allow his attorney to visit or confer with him.  He claims that these actions resulted in defaults entered against him in the Portage County action.  He does not directly state what occurred in Montgomery County, or how the results of that proceeding were affected by the defendants' alleged actions.  He argues that both his First Amendment and Sixth Amendment rights were violated.

It appears affirmatively from the complaint that Mr. Wilson had counsel appointed for him in the Portage County matter, and also had counsel in the Montgomery County case.  It is extremely hard for an inmate to make out a claim of denial of access to the

Courts when he is represented by counsel.  As the Court of Appeals said in Holt v. Pitts, 702 F.2d 639, 640 (6th Cir. 1983), a case upholding the dismissal of a First Amendment access to the courts claim, "[b]y [the inmate's] own admission, it is clear that counsel was appointed to represent him in both federal and state actions pending against him.  As a matter of law, therefore, the state fulfilled its constitutional obligation to provide him with full access to the courts."  The First or Sixth Amendments might be implicated if a prison denies an inmate the right to consult with his counsel (although the Sixth Amendment applies only in the criminal context, see Barker v. State of Ohio, 330 F.2d 594 (6th Cir. 1964)), but Mr. Wilson does not allege such a denial.  He does claim that he did not get advance notice of a Post-Release control hearing, but he does not claim that his attorney attempted to confer with him prior to the hearing or that his inability to contact the attorney in advance had any effect on the outcome of the hearing.  In order to make out a viable claim under these facts, "there must be some allegation indicating an interference with the prisoner's relationship with counsel."  Stanley v. Vining, 602 F.3d 767, 770 (6th Cir. 2010).  That is not contained in the complaint.  Further, it appears that Mr. Wilson was able to raise objections to the re-imposition of post-release control in the February 23, 2011 hearing, and to raise the same issues on appeal.  See State v. Wilson, 2012 WL 1264519 (Montgomery Co. App. April 13, 2012).  Nothing in that decision suggests that Mr. Wilson was somehow prejudiced by the actions of the defendants in failing to provide him with advance notice of the hearing.

    The only other specific claim Mr. Wilson appears to make has to do with the defendants' refusal to place a certain attorney on Mr. Wilson's approved visitor list.  The complaint does not indicate in what proceeding, if any, the attorney was

representing Mr. Wilson, and the response to his grievance (attached to the complaint) told Mr. Wilson that once he or the attorney was able to confirm that the attorney was actually his legal counsel, the attorney would be permitted to visit. Complaint, PAGEID #131.  A plausible claim of denial of access to the courts cannot be inferred from this set of facts. Consequently, Defendants are correct that the complaint fails to state a viable constitutional claim either for denial of access to the courts or interference with the Sixth Amendment right to counsel.

### III.

For the reasons set forth above, it is recommended that the motion for judgment on the pleadings (Doc. 35) be granted.

### IV.

#### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the

Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

                                                  /s/ Terence P. Kemp
                                                  United States Magistrate Judge